AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| United States of America | ) |
|---|---|
| v. | ) |
|  | ) Case No. S8 15 Cr. 536 (PGG) |
| Kaleil Isaza Tuzman | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE

To: The Federal Bureau of Prisons, Office of Internal Affairs
320 First Street, NW, Room 600, Washington, D.C. 20534

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

See Attachment A.

| Place: | U.S. District Court, Southern District of New York<br>40 Foley Square, New York, New York 10007<br>Courtroom 705 | Date and Time: | 10/02/2017 9:00 am |
|---|---|---|---|

Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

(SEAL)

Date: 08/22/2017

CLERK OF COURT

*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Kaleil Isaza Tuzman
, who requests this subpoena, are:

Avi Weitzman, Esq. / Gibson, Dunn & Crutcher LLP / 200 Park Avenue, 48th Floor / New York, NY 10166-0193
(212) 351-4000 / AWeitzman@gibsondunn.com

### Notice to those who use this form to request a subpoena

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case (Page 2)

Case No.  S8 15 Cr. 536 (PGG)

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____  on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____                              _____
                                                    *Server's signature*

                                                  _____
                                                    *Printed name and title*

                                                  _____
                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case (Page 3)

## Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

  **(1) In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

  **(2) Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

  **(3) Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d) Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e) Place of Service.**

  **(1) In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

  **(2) In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g) Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

## SUBPOENA TO BUREAU OF PRISONS - ATTACHMENT A

### INSTRUCTIONS

1. This Subpoena requires that you produce all requested documents in your possession, custody or control.

2. If any record called for by this request has been destroyed, discarded, or otherwise disposed of, no longer exists, or is unavailable, that record is to be identified in a log setting forth the following information: date of disposal and reason for disposal, and the record's last known location.

3. Responsive documents shall be produced as searchable pdfs or spreadsheets, subject to the following: a) responsive documents that cannot be provided in the above-described format due to technical reasons shall be produced in a computer-readable and text searchable format to be mutually determined by the parties; and b) Microsoft Excel files, Microsoft PowerPoint files, database files, HTML files and other responsive documents that are most conveniently viewed in their native electronic format shall be produced in their native electronic format

4. If you withhold any Document or portion thereof, state the grounds for your objection with specificity and produce the portion of the Document about which you do not object. If you withhold any Document, or any portion of any Document, under a claim of attorney-client, work product, or other privilege.

5. If information is redacted from a document produced in response to a request, You shall identify the redaction by stamping the word "Redacted" on the Document at each place where information has been redacted and separately logging each redaction on a privilege

log, or other written statement of the grounds for assertion of privilege or other legal protection against disclosure.

6. If any request or any portion thereof is objected to, state the grounds for objection with specificity and produce Documents to the extent the request is not objected to. All objections to producing any category of documents pursuant to these requests must be made in a written response served on counsel for Kaleil Isaza Tuzman within the time period for responding to these requests.

7. These requests are continuing in nature. If, after responding to these requests, you obtain or become aware of any further responsive Documents, you are required to make a supplemental production of those Documents.

## DEFINITIONS

1. References to any individual or entity shall be interpreted to refer to that individual or entity as well as any other individual or entity acting on such individual or entity's behalf, including past or present agents, attorneys, representatives, employees, partners, members, officers, or contractors.

2. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

3. "Concerning" shall be interpreted broadly and shall mean relating to, referring to, describing, evidencing, or constituting.

4. "Enable" means Enable Invest Ltd.

5. "KITD" and KIT Digital" mean KIT digital Inc.

6. "Maiden Capital" means Maiden Capital LLC.

7. "Jourdian Invest" means Jourdian Invest Ltd.

8. The masculine gender of any word used herein includes the feminine, and the singular includes the plural, and vice versa.

9. The word "including" means including without limitation.

10. The present tense shall be construed to include the past tense and vice versa.

11. The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a given document request all responses that might otherwise be construed as outside its scope.

12. The terms "all" and "any" shall be construed as any and all, and the term "each" shall be construed as each and every, so as to bring within the scope of a given document request all responses that might otherwise be construed as outside its scope.

## RELEVANT TIME PERIOD

The relevant time period, unless otherwise indicated, shall be from January 1, 2015 through the present, and shall include all Documents that relate in whole or in part to such time period.

## DOCUMENT REQUESTS

1. All recorded conversations and all written transcripts of any conversations of Robin Smyth (Register Number 92462-054, released on 05/05/2016) with Gavin Campion or Robert Petty, and all transactional data (*e.g.*, date, time, and duration of the calls) relating to such recordings.

2. All recorded conversations and all written transcripts of any conversations of Robin Smyth concerning Kaleil Isaza Tuzman, KIT Digital, Maiden Capital, Irfan Amanat, Omar Amanat, Enable, Gavin Campion, Jourdian Invest, Mr. Smyth's efforts to cooperate with the U.S. Attorney's Office or any other law enforcement agency, any benefits to Mr. Smyth

3

resulting from any such cooperation, Mr. Smyth's guilty plea and sentence, Mr. Smyth's imprisonment, and the duration of any prison sentence to be served by Mr. Smyth.

3. All recorded conversations and all written transcripts of any conversations of Stephen E. Maiden (Register Number 28278-058, currently located at Cumberland FCI with a release date of 06/15/2021) concerning Kaleil Isaza Tuzman, KIT Digital, Maiden Capital, Irfan Amanat, Omar Amanat, Enable, Gavin Campion, Jourdian Invest, Mr. Maiden's efforts to cooperate with the U.S. Attorney's Office or any other law enforcement agency, any benefits to Mr. Maiden resulting from any such cooperation, Mr. Maiden's guilty plea and sentence, Mr. Maiden's imprisonment, and the duration of any prison sentence to be served by Mr. Maiden.

4. All Communications to or from Robin Smyth over the federal prison email system concerning Kaleil Isaza Tuzman, KIT Digital, Maiden Capital, Irfan Amanat, Omar Amanat, Enable, Gavin Campion, Jourdian Invest, Mr. Smyth's efforts to cooperate with the U.S. Attorney's Office or any other law enforcement agency, any benefits to Mr. Smyth resulting from any such cooperation, Mr. Smyth's guilty plea and sentence, Mr. Smyth's imprisonment, and the duration of any prison sentence to be served by Mr. Smyth.

5. All Communications to or from Stephen E. Maiden over the federal prison email system concerning Kaleil Isaza Tuzman, KIT Digital, Maiden Capital, Irfan Amanat, Omar Amanat, Enable, Gavin Campion, Jourdian Invest, Mr. Maiden's efforts to cooperate with the U.S. Attorney's Office or any other law enforcement agency, any benefits to Mr. Maiden resulting from any such cooperation, Mr. Maiden's guilty plea and sentence, Mr. Maiden's imprisonment, and the duration of any prison sentence to be served by Mr. Maiden.

6. Documents and records sufficient to show Robin Smyth's cell assignment(s), cell mate(s), and visitors.

7. A copy of Robin Smyth's visitor log.

8. A copy of Stephen E. Maiden's visitor log.