USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/15/18

# HENRY ≡ BAYSAN PLLC

Bradley L. Henry, Esq.
American Express Tower
200 Vesey Street, 24th Floor
New York, NY 10281

**MEMO ENDORSED**
The application is denied.

Tel. (212) 813-2292
Fax. (646) 304-2909
www.henrybaysan.com
bhenry@henrybaysan.com

February 12, 2018

**SO ORDERED:**

_Paul A. Gardephe_
Paul G. Gardephe, U.S.D.J.
Feb. 15, 2018

The Hon. Paul G. Gardephe
United States District Judge
Southern District of New York
500 Pearl Street
Daniel Patrick Moynihan Building
New York, NY 10007

Re:   U.S. v. Omar Amanat, 15-cr-536(PGG), Request for Extension of Time to File Rule 33 Motion based on Newly Discovered Evidence

Dear Judge Gardephe,

I write to request a 90 day extension of time to file a Rule 33 motion based on newly discovered evidence. We were recently engaged[1] to assists Mr. Amanat in the limited capacity of investigating issues surrounding technical expert testimony provided by an FBI Special Agent at trial and believe this investigation may reveal new evidence. In that regard, we are requesting additional time to investigate and present a motion to the Court pursuant to Fed. R. Crim. P. 33 ("Rule 33"), if such a motion is warranted.

As this Court is well aware, there was significant litigation surrounding emails used at trial by the defense concerning their authenticity. The government presented arguments that the emails were fabricated. As a result of multiple hearings, the government was permitted to present expert testimony from Special Agent Decapua on December 20, 2017, during the government's rebuttal case that in his opinion the emails were fabricated. The government argued this was consciousness of guilt. There is no doubt that this had a significant impact on the ultimate decision of the jury to convict Mr. Amanat.

The technical aspects of this evidence are very complicated, and evidence to rebut the government's ultimate point made on December 19-20, 2017, on the EPOCH time stamp was unattainable before or during trial. While we believe any new evidence concerning the email issue would be "newly discovered" evidence, we ask for this extension out of an abundance of caution. We recognize that an issue of overlap may arise raising concerns that new evidence may be deemed "newly available," not "newly discovered," subjecting it to the 14 day[2] filing deadline and not the three year deadline under Rule 33. Thus, we are requesting this extension of time now so that we do not run into issues

---

[1] Mr. Randall Jackson, trial counsel, of Boies Schiller Flexner LLP still represents Mr. Amanat for post-trial motions and sentencing, and is filing a motion based on Rule 33 issues not considered newly discovered evidence.
[2] The 14 day deadline was previously extended by this Court until today, February 9, 2017, to file Rule 29 and 33 motions based on issues other than newly discovered evidence.

at a later date about whether the new information presented is "newly discovered" or "newly available." We believe this approach allows us to preserve the ability to raise these issues without concern of waiving deadlines, while also presenting these very live issues to the Court in a timely manner. We are diligently pursuing these leads and believe a motion can be presented to the Court within 90 days.

The government objects to this request.

Based on the foregoing, we are requesting a 90 day extension from February 9, 2018, to file a motion pursuant to Rule 33 concerning the email fabrication issue, if a motion is warranted.

Please let me know if you have any questions or need further information. I appreciate the Court's consideration. Thank you.

Sincerely,

s/ *Bradley L. Henry*

Bradley L. Henry

Cc:   All ECF Parties