# WILLKIE FARR & GALLAGHER LLP

Randall W. Jackson
212 728 8216
rjackson@willkie.com

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

June 24, 2019

**VIA ECF**

The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

Re:     *United States v. Amanat*, 15 Cr. 536 (PGG)

Dear Judge Gardephe:

   This letter is respectfully submitted on behalf of defendant Omar Amanat to alert the Court to new authority relevant to the pending Rule 29 and 33 motions. *Cf.* Fed. R. App. Proc. 28(j). On June 13, 2019, the Second Circuit issued a decision in *Bascuñán v. Elsaca*, --- F.3d ----, 2019 WL 2455168 (2d Cir. Jun. 13, 2019). In *Bascuñán,* a civil RICO suit, the Court of Appeals clarified significant ambiguity surrounding the criminal wire fraud statute, explaining:

> There are three "essential elements" to mail or wire fraud: "(1) a scheme to defraud, (2) money or property as the object of the scheme, and (3) use of the mails or wires to further the scheme." Weaver, 860 F.3d at 94 (citation omitted, emphasis added). These elements make clear that the regulated conduct is not merely a "scheme to defraud," but more precisely *the use of the mail or wires in furtherance of a scheme to defraud.*

   *Bascuñán*, 2019 WL 2455168 at *10 (emphasis in original). Because it observed that the use of the wires in furtherance of the scheme is the essence of the regulated conduct, the Second Circuit held in *Bascuñán* that "a claim predicated on mail or wire fraud involves sufficient domestic conduct when (1) the defendant used domestic mail or wires in furtherance of a scheme to defraud, and

Hon. Paul G. Gardephe
June 24, 2019
Page 2

(2) the use of the mail or wires was a **core component** of the scheme to defraud." *Id.* (emphasis added).

On December 18, 2018, Your Honor issued an Order requiring the Government to supplement its briefing on the issue raised by Mr. Amanat's argument that the Government had failed to identify any interstate wire contemplated or sent in furtherance of Counts One and Two. As detailed in Mr. Amanat's January 3, 2019 Response in Opposition, the Government's supplemental submission failed to meaningfully address any of the complex issues raised by its failure to introduce sufficient evidence on this point, and indeed failed even to follow the Court's explicit instructions in its Order directing the Government "cit[e] evidence from the record demonstrating that the interstate wire element is satisfied." The Government did wander further into the legal error that it originally advanced in its opposition to the motion for judgment of acquittal, *i.e.*, the notion that the wire in this case was incidental to the charged conduct and that the Court could therefore essentially disregard the Government's failure to introduce for both Counts One and Two proof that that an interstate wire in furtherance of the conspiracy was either sent, reasonably foreseeable, or contemplated, which was transmitted across state lines either from or into the Southern District of New York.

*Bascunan* puts the lie to this notion, by emphasizing that the transmission of the wire in a wire fraud scheme is not incidental, but rather *is* the central regulated conduct. *See Bascunan*, 2019 WL 2455168 at *10 ("the regulated conduct is not merely a 'scheme to defraud,' but more precisely the use of the mail or wires in furtherance of a scheme to defraud") (citing *Badders v. Unite States*, 240 U.S. 391, 393, 36 S.Ct. 367, 60 L.Ed. 706 (1916) (Holmes, *J.*) (rejecting an argument that the use of mail was "a mere incident of a fraudulent scheme that itself is outside the jurisdiction of Congress to deal with," because "[t]he overt act of putting a letter into the post office of the United States is a matter that Congress may [and did] regulate"); *United States v. Garlick*, 240 F.3d 789, 792 (9th Cir. 2001) ("The focus of the mail and wire fraud statutes is upon the misuse of the instrumentality of communication."); *United States v. Jefferson*, 674 F.3d 332, 366 (4th Cir. 2012) ("In a mail or wire fraud prosecution, the mailing or wire transmission itself—ˆ misuse of the mail or wire—has consistently been viewed as the actus reus that is punishable by federal law."); *United States v. Driver*, 692 F. App'x 448, 449 (9th Cir. 2017) (summary order), cert. denied, ⎯⎯ U.S. ⎯⎯, 138 S. Ct. (same)).

Hon. Paul G. Gardephe
June 24, 2019
Page 3

       That the Circuit has clarified that the *actus reus* of wire fraud is the transmission of the wire underscores: (1) that the Government's venue arguments are incorrect; (2) that the Government offered grossly insufficient evidence on the wire fraud counts; and (3) the Government's hiding of the ball and improper introduction of a new wire fraud theory only in rebuttal summation requires a new trial. Mr. Amanat has now been detained for a year and a half since the conclusion of the trial. This recent precedent only further demonstrates what has been clear since the Government moved to reopen its case immediately after the defense filed its Rule 29 motion: the Government failed to introduce sufficient evidence and the defense motions should be immediately granted. The undersigned is, of course, available at any time if the Court has any questions or concerns.

Respectfully submitted,

*/s/ Randall W. Jackson*

Randall W. Jackson

cc: All Counsel

30073455.1