

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 15, 2021

BY CM/ECF

The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re: United States v. Omar Amanat
S8 15 Cr. 536 (PGG)

Dear Judge Gardephe:

The Government respectfully submits this opposition to Omar Amanat's Supplemental Rule 29 motion, filed on March 12, 2021. (Dkt. 1125 (the "Supplemental Rule 29 Motion")).

Background

On December 26, 2017, Omar Amanat ("Omar") was convicted after a jury trial of one count of conspiracy to commit wire fraud, one count of wire fraud, one count of aiding and abetting investment advisor fraud, and one count of conspiracy to commit securities fraud for his role in an egregious, multiyear scheme to defraud investors of Kit Digital, a publicly-traded media company, and Maiden Capital, a Charlotte-based hedge fund. After trial, Omar was immediately remanded based on, among other things, his risk of flight and his "disregard and disdain for the Court and for legal process" as evidenced by his fabrication of evidence at trial. (Omar Trial Tr. 7328).

As part of his original post-trial motions, Omar argued, among other things, that (a) the Court erred in admitting the expert testimony of FBI Special Agent Joel DeCapua pursuant to Rule 702 because his testimony was not reliable, and (b) because Special Agent DeCapua purportedly offered "false" testimony regarding the epoch time stamps and UUIDS, he is entitled to a new trial. (Dkt. 735, at 28-41). The Government's opposition brief showed that (a) Omar had failed to object to Special Agent DeCapua's testimony, and that the Court did not err in admitting his expert testimony, and (b) Omar had failed to show that Special Agent DeCapua's testimony was unreliable or false, and otherwise had failed to show plain error. (Dkt. 750, at 19-22).

On December 28, 2020, Omar filed a supplemental Rule 33 motion — more than three years after his conviction — in which he claims that (a) his ex-wife purportedly discovered Blackberry devices that contained the emails that the Government had showed the defendant had

fabricated during the 2017 trial, and (b) the admission of Special Agent DeCapua's expert testimony deprived him of a fair trial. (Dkt. Nos. 1113 & 1114). Despite claiming that he had discovered new evidence, Omar notably did not provide the Government or the Court with the purportedly newly discovered electronic evidence underlying that motion. The Government thus requested — and Omar's counsel agreed to provide — the following information so that the Government could test the veracity of these claims and properly respond to this motion: (1) the Blackberry devices; (2) the complete Cellbrite reports for the Blackberries analyzed by Cornerstone Discovery; (3) the native versions of all emails purportedly discovered on the Blackberries, including those reflected on GX 3553 and GX 3549; (4) a list of all documents and information provided to John Carrouthers; and (5) an affidavit from Mr. Amanat's ex-wife that details, among other things, (a) her identity, (b) the specifics of her alleged discovery of the Blackberries, and (c) the chain of custody of the Blackberries (collectively, the "Information"). Although Omar's counsel committed to providing the Information to the Government and the Court in January 2021, none of the Information was ever provided, despite the Government's repeated requests over two months.

Instead, on March 12, 2021, Omar's counsel filed a motion withdrawing the December 28, 2020 supplemental Rule 33 motion. (Dkt. 1124, 1125). The March 12, 2021 filing states that Omar was withdrawing the supplemental Rule 33 motion because "he does not wish to wait for the decision on a Rule 33 motion," and because he "wishes to narrow the issues, have a decision on the Rule 29 motion, and proceed to the sentencing stage." (Dkt. 1125, at 1). Tellingly, Omar's recent filing makes no mention of his failure to provide any of the Information that would have allowed the Government and the Court to test the veracity of his claims. In the related Supplemental Rule 29 Motion, Omar makes new claims related to the testimony of Special Agent DeCapua that supplement claims he made in his 2018 post-trial motions.

## Argument

### A. Applicable Law

Rule 29(c)(1) provides that "[a] defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." A district court has "no authority" to grant a motion for judgment of acquittal filed "outside the time limit prescribed by Rule 29(c)." *Carlisle* v. *United States*, 517 U.S. 416, 433 (1996); *see also United States* v. *Nappy*, 94 Cr. 656 (LMM), 2010 WL 4537115, at *3 (S.D.N.Y. Nov. 5, 2020) ("The Supreme Court has made it clear that the time limitations of Fed. R. Crim. P. 29(c) are jurisdictional and must be adhered to.").

"'In challenging the sufficiency of the evidence, [a] defendant faces an uphill battle, and bears a very heavy burden.'" *United States* v. *Mi Sun Cho*, 713 F.3d 716, 720 (2d Cir. 2013) (per curiam) (quoting *United States* v. *Crowley*, 318 F.3d 401, 407 (2d Cir. 2003)); *United States* v. *Lee*, 723 F.3d 134, 143 (2d Cir. 2013); *United States* v. *Kozeny*, 667 F.3d 122, 139 (2d Cir. 2011); *United States* v. *Temple*, 447 F.3d 130, 137 (2d Cir. 2006). A jury verdict must be upheld if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States* v. *Persico*, 645 F.3d 85, 105 (2d Cir. 2011) (quoting *Jackson* v. *Virginia*, 443 U.S. 307, 319 (1979)) (emphasis in original). A "court may enter a judgment of

acquittal only if the evidence that the defendant committed the crime alleged is nonexistent or so meager that no reasonable jury could find guilt beyond a reasonable doubt." *United States* v. *Espaillet*, 380 F.3d 713, 718 (2d Cir. 2004) (quoting *United States* v. *Guadagna*, 183 F.3d 122, 130 (2d Cir. 1999)). In a close case, where "either of the two results, a reasonable doubt or no reasonable doubt, is fairly possible, the court must let the jury decide the matter." *United States* v. *Autuori*, 212 F.3d 105, 114 (2d Cir. 2000) (quoting *United States* v. *Guadagna*,183 F.3d at 129) (internal quotation marks and brackets omitted); *United States* v. *Temple*, 447 F.3d at 137 (citing *United States* v. *Autuori*, 212 F.3d at 114).

In considering the sufficiency of the evidence supporting a guilty verdict, the evidence must be viewed in the light most favorable to the Government. *See Temple*, 447 F.3d at 136-37. The Court must analyze the pieces of evidence "in conjunction, not in isolation," *United States* v. *Persico*, 645 F.3d at 104 (quoting *United States* v. *Eppolito*, 543 F.3d 25, 45 (2d Cir. 2008)), and must apply the sufficiency test "to the totality of the government's case and not to each element, as each fact may gain color from others," *Guadagna*, 183 F.3d at 130; *Persico*, 645 F.3d at 104. "These standards apply whether the evidence being reviewed is direct or circumstantial." *Id.* at 105 (internal citations omitted). Indeed, "'the jury's verdict may be based on circumstantial evidence, and the Government is not required to preclude every reasonable hypothesis which is consistent with innocence.'" *United States* v. *Zayac*, 765 F.3d 112, 117 (2d Cir. 2014) (quoting *United States* v. *Ogando*, 547 F.3d 102, 107 (2d Cir. 2008)).

Finally, "to avoid usurping the role of the jury," *Autuori*, 212 F.3d at 114 (quoting *Guadagna*, 183 F.3d at 129), the Court must resolve all issues of credibility in favor of the jury's verdict, *United States* v. *Kozeny*, 667 F.3d at 139. "[T]he credibility of witnesses is the province of the jury, and [the Court] simply cannot replace the jury's credibility determinations with [its] own." *United States* v. *James*, 239 F.3d 120, 124 (2d Cir. 2000) (internal quotation and citation omitted); *see Autuori*, 212 F.3d at 114 (court "may not substitute [its] own determinations of credibility or relative weight of the evidence for that of the jury"). The Court must also "credit[ ] every inference that the jury might have drawn in favor of the government," *Temple*, 447 F.3d at 136-37 (internal quotation and citation omitted), because "the task of choosing among competing, permissible inferences is for the [jury], not for the reviewing court," *United States* v. *McDermott*, 245 F.3d 133, 137 (2d Cir. 2001).

B. Omar's Supplemental Rule 29 Motion Should be Denied

1. The Motion is Untimely

The Court should deny Omar's Supplemental Rule 29 Motion because it is untimely. As noted above, the Supreme Court has held that a district court has "no authority" to grant a motion for judgment of acquittal filed "outside the time limit prescribed by Rule 29(c)." *Carlisle*, 517 U.S. at 433 (1996); *see also Nappy*, 2010 WL 4537115, at *3 ("The Supreme Court has made it clear that the time limitations of Fed. R. Crim. P. 29(c) are jurisdictional and must be adhered to."). Here, Omar seeks to supplement his pending motions more than three years after his conviction, which is plainly "outside the time limit prescribed by Rule 29(c)." Omar relies principally on blog posts that were publicly available to the defendant both during trial and when he was preparing his post-trial motions. (*See* Dkt. 1125, Ex. A (posted March 22, 2012); Dkt.

1125, Ex. B (posted Jan. 5, 2008)). Indeed, as Omar notes, "Blackberry users elsewhere also complained of 'emails from the future' as early as January 6, 2008." (Dkt. 1125, at 2). Accordingly, the Court should deny Omar's Supplemental Rule 29 Motion because it is untimely.

2. The Court Properly Admitted the Expert Testimony of Special Agent DeCapua

Even if Omar's Supplemental Rule 29 Motion were timely, which it is not, the Court should deny it on the merits. The Supplemental Rule 29 Motion makes arguments similar to those Omar made in 2018 — that Special Agent DeCapua's testimony was unreliable or false, and thus Omar is entitled to a new trial. Specifically, Omar now argues, based on blog posts from a website called crackberry.com, that Blackberry users were complaining (a) as early as January 2008 about malware causing messages to be sent with "future" timestamps, and (b) about "missing emails and inboxes." The fact that some Blackberry users may have had issues with their Blackberries does nothing to show that Special Agent DeCapua's testimony was unreliable or false. At best, Omar could have tried to use these blog posts to try to cross-examine Special Agent DeCapua during trial. He did not. Accordingly, and for the reasons set forth in the Government's opposition to Omar's 2018 post-trail motions, the Court should reject the defendant's most claims. (Dkt. 750, at 19-22).

* * *

For the foregoing reasons, the Court should deny Omar's Supplemental Rule 29 Motion.[1]

Respectfully submitted,

AUDREY STRAUSS
United States Attorney

By: /s/
Joshua A. Naftalis
Andrea M. Griswold
Daniel M. Tracer
Assistant United States Attorneys
(212) 637-2310/1205/2329

cc: Defense Counsel

[1] Omar's reply to his recently filed supplemental post-trial motions are due within ten days. (Dkt. 1123).