

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 13, 2021

BY CM/ECF

The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    United States v. Omar Amanat
               15 Cr. 536 (PGG)

Dear Judge Gardephe:

      The Government writes in advance of sentencing for Omar Amanat ("Omar") and to briefly respond to a few of the points raised in Omar's August 4, 2021 supplement sentencing memorandum ("Omar Mem."). For the most part, Omar's supplemental memorandum details personal and family history and fails to meaningfully reckon with the years' long, multimillion dollar frauds that Omar perpetrated as well as his egregious efforts to obstruct justice during his trial by introducing fabricated evidence. As set forth in the Government's July 24, 2018 sentencing memorandum ("Gov. Mem.") (Dkt. 807), a sentence within the Guidelines sentencing range is warranted in this case under the section 3553(a) factors including based on the nature of Omar's offenses, the need to impose just punishment, promote respect for the law, and the need for both specific and general deterrence.

      The Government does not agree with the sentencing guideline calculation set forth in Omar's supplemental submission. First, the Government continues to believe that a 4-level enhancement is warranted for Omar's association with an investment advisor. U.S.S.G. § 2B1.1(b)(20)(A)(iii). While the Government, does not believe that enhancement applies to co-defendant Irfan Amanat ("Irfan") due to his distinct role in the scheme, the enhancement squarely applies to Omar for the reasons set forth in the Government's sentencing memorandum (Gov. Mem. at 22-23). During the course of the fraud, Omar actually took control of Maiden Capital and functioned as its owner. (*Id.*). Thus, unlike Irfan, Omar was actually associated with an investment advisor and used that position to further the fraud.

      Second, Omar completely ignores the 2-level enhancement for obstruction of justice that applies here based on his efforts to introduce fabricated evidence at trial. (U.S.S.G. § 3C1.1; Gov. Mem. at 23-24). As this Court has previously recognized, this conduct showed disdain for the Court and the rule of law. This serious and obstructive conducts warrants both a guidelines enhancement as well as serious consideration under the section 3553(a) factors.

Hon. Paul G. Gardephe
August 13, 2021
Page 2

  Recognizing the Court's ruling that a reasonable estimation of loss for Count 4 (Market Manipulation) cannot be calculated, the Government calculates the defendant's advisory Guidelines range as 135 to 168 months' imprisonment, based on a Criminal History Category of I and a total offense level of 33, calculated as follows: (a) a base offense level of seven pursuant to U.S.S.G. § 2B1.1(a)(1); (b) an 18-level increase for a total loss amount for Counts One through Four of $3,500,000 to $9,500,000, pursuant to U.S.S.G. § 2B1.1(b)(1)(J); (c) a two-level enhancement because a substantial part of the scheme was committed from outside the United States or the offense involved sophisticated means, pursuant to U.S.S.G. § 2B1.1(b)(2)(10); (d) a four-level enhancement because the offense involved a violation of securities law and, at the time of the offense, the defendant was in investment advisor or a person associated with an investment advisor, pursuant to U.S.S.G. § 2B1.1(b)(2)(19)(A); and (e) a two level enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1 for introducing fabricated evidence at trial.

  Finally, the Government does not agree that specific deterrence does not apply here. (Omar Mem. at 30). Omar committed a years' long fraud and continued to try and obstruct justice during trial. He continues to deny responsibility for his actions, again failing to address in his most recent submission the substantial issue of the obstruction of justice at trial. In fact, as recently as December 2020, Omar filed a motion for a new trial "*On the Basis of Newly Discovered Evidence of the Original Blackberry Devices*" (Dkt. 113), claiming that the emails the Government proved at trial were fabricated had recently been located on old devices. Despite repeated requests from the Government, the defendant never provided the Government or the Court with the purportedly newly discovered evidence underlying that motion (Dkt. 1126), and the motion was withdrawn (Dkt. 1124, 1125). These are not the actions of a defendant who has reckoned with his misconduct. Accordingly, and for the reasons more fully set forth in the Government's sentencing memorandum, the Court should sentence Omar to a sentence of imprisonment within the Guidelines sentencing range.

           Respectfully submitted,

           AUDREY STRAUSS
           United States Attorney

         By:  /s/
           Andrea M. Griswold
           Joshua A. Naftalis
           Daniel Tracer
           Assistant United States Attorneys
           (212) 637-2310/1205/2329

cc:  Defense counsel (by CM/ECF)